UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEILA MCCOY, individually and as next friend for minor children EC, CC, LC, and JCM,<br><br>Plaintiff,<br><br>v.<br><br>GAVIN NEWSOM, et al.,<br><br>Defendants. | Case No.:  20-CV-1570 TWR (BGS)<br><br>**ORDER (1) GRANTING PLAINTIFF LEAVE TO FILE ELECTRONICALLY, (2) DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL, AND (3) GRANTING PLAINTIFF'S MOTION TO FILE AMENDED COMPLAINT**<br><br>(ECF Nos. 5, 8, 10) |

Plaintiff, proceeding *pro se*, filed this action on August 14, 2020, alleging several causes of action against Defendants Gavin Newsom, the California Department of Social Services, and the Illumination Foundation.  (*See generally* ECF No. 1 ("Compl.").) Plaintiff also requested leave to proceed *in forma pauperis* ("IFP"), (*see generally* ECF No. 2), which the Honorable William Q. Hayes granted on August 20, 2020.  (*See generally* ECF No. 4.)  On *sua sponte* screening pursuant to 28 U.S.C. § 1915(e)(2), Judge Hayes dismissed without prejudice Plaintiff's Complaint for failure to state a claim upon which relief could be granted and granted Plaintiff sixty days' leave to file a motion to file an amended complaint.  (*See* ECF No. 4 at 5.)

Presently before the Court are Plaintiff Leila McCoy's Motions (1) to Be Granted Permission to Use Electronic Filing ("CM/ECF Mot.," ECF No. 5); (2) for Appointment of Counsel Under the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(f)(1) ("Mot. for Counsel," ECF No. 8); and (3) to File Amended Complaint ("Mot. to Amend," ECF No. 10). Having carefully reviewed Plaintiff's Motions and the relevant law, the Court **GRANTS** Plaintiff's CM/ECF Motion, **DENIES WITHOUT PREJUDICE** Plaintiff's Motion for Counsel, and **GRANTS** Plaintiff's Motion to Amend.

## CM/ECF MOTION

Generally, "[e]xcept as prescribed by local rule, order, or other procedure, the Court has designated all cases to be assigned to the Electronic Filing System." S.D. Cal. CivLR 5.4(a). With respect to *pro se* litigants, however, "[u]nless otherwise authorized by the court, all documents submitted for filing to the Clerk's Office . . . must be in legible, paper form." (Office of the Clerk, United States District Court for the Southern District of California, *Electronic Case Filing Administrative Policies and Procedures Manual*, § 2(b) (Sept. 15, 2020).) "A pro se party seeking leave to electronically file documents must file a motion and demonstrate the means to do so properly by stating their equipment and software capabilities in addition to agreeing to follow all rules and policies in the CM/ECF Administrative Policies and Procedures Manual." (*Id.*) The manual refers to the Court's official website for CM/ECF technical specifications, (*id.* at § 1(i)), which include a "[c]omputer running Windows or Macintosh"; "[s]oftware to convert documents from a word processor format to portable document format (PDF)," such as "Adobe Acrobat 7.0 and higher"; "[i]nternet access supporting a transfer rate of 56kb or higher"; a compatible browser, such as "Firefox 15, Internet Explorer 9, and Safari 5.1/6 or later version"; a "[s]canner to image non-computerized documents 400 pixels per inch (ppi)"; and a "PACER account." (United States District Court, Southern District of California, CM/ECF Information, https://www.casd.uscourts.gov/cmecf.aspx#undefined1 (last visited Oct. 13, 2020).)

/ / /

Plaintiff indicates that she "uses/has the appropriate equipment and software capabilities, adaptive software for the disabled, [and] a computer and internet meeting the minimal qualifications to use the online system" and that she "agrees to[] follow all rules and policies in the CM/ECF Administrative Policies and Procedures Manual." (CM/ECF Mot. at 1.)  The Court therefore finds that Plaintiff has provided sufficient information concerning her computer equipment and software to meet the required technical specifications.  Accordingly, the Court **GRANTS** Plaintiff's CM/ECF Motion and **ORDERS** Plaintiff to register as a user with the Clerk's Office and as a subscriber per U.S. District Court for the Southern District of California Electronic Case Filing Administrative Policies and Procedures Manual Section 2(b).

## MOTION FOR COUNSEL

Plaintiff also seeks appointment of counsel pursuant to 42 U.S.C. § 2000e-5(f)(1), (*see generally* Mot. for Counsel), which applies to suits for unlawful employment practices pursuant to Title VII.  Plaintiff's Complaint, however, contains no claim for employment discrimination.  (*See generally* Compl.)

Further, in the Title VII context, "[t]hree factors are relevant to the trial court's determination of whether to appoint counsel: (1) the plaintiff's financial resources; (2) the efforts made by the plaintiff to secure counsel on his or her own; and (3) the merit of the plaintiff's claim." *Johnson v. U.S. Dep't of Treasury*, 939 F.2d 820, 824 (9th Cir. 1991) (citing *Ivey v. Bd. of Regents of the Univ. of Alaska,* 673 F.2d 266, 269 (9th Cir. 1982)). Similarly, under the *in forma pauperis* statute, "[t]he court may request an attorney to represent any person unable to afford counsel," 28 U.S.C. § 1915(e)(1), but "only under 'exceptional circumstances.'" *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). "A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success on the merits and the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved.'"  *Id.* Because Judge Hayes dismissed without prejudice Plaintiff's Complaint for failure to state a claim, (*see* ECF No. 4), Plaintiff satisfies neither standard.  The Court therefore **DENIES WITHOUT**

**PREJUDICE** Plaintiff's Motion for Counsel.  *See Stickler v. San Diego Police Dep't*, No. 12CV383 BTM NLS, 2012 WL 2855951, at *2 (S.D. Cal. July 11, 2012).

### MOTION TO AMEND

Finally, Judge Hayes ordered Plaintiff to file a motion to amend her complaint by October 19, 2020.  (*See* ECF No. 4 at 5.)  On September 23, 2020, Plaintiff filed her Motion to Amend, requesting that "the Court . . . accept this amended complaint." (Mot. to Amend at 1 (emphasis omitted).)  No amended complaint, however, was provided.[1] (*See generally id.*)

The Court therefore construes Plaintiff's Motion to Amend as a request for an extension of time to file her amended complaint.  Given that Plaintiff "is blind, disabled and does not have access to [the] Division of Blind Services for assistance with this case" and "adaptive library services for the blind are not available due to Corona virus/COVID-19 closures," (*id.* at 1 (emphasis omitted)), the Court **GRANTS** Plaintiff's Motion to Amend and **GRANTS** her a forty-five (45) day extension of time to file her amended complaint.  Accordingly, Plaintiff **SHALL FILE** an amended complaint curing the deficiencies of pleading identified in Judge Hayes' August 20, 2020 Order on or before December 3, 2020.  Plaintiff's amended complaint must be complete in itself without reference to her original pleading.  *See* Civ. L.R. 15.1(a); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) ("All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived.") (citing *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981)).

### CONCLUSION

In light of the foregoing, the Court **GRANTS** Plaintiff's CM/ECF Motion (ECF No. 5), **DENIES WITHOUT PREJUDICE** Plaintiff's Motion for Counsel (ECF No. 8), and

---

[1] Plaintiff also indicated that a second motion to appoint counsel was enclosed with her Motion to Amend, (Mot. to Amend at 1), although no such enclosure was received.  (*See generally id.*)

1  **GRANTS** Plaintiff's Motion to Amend (ECF No. 10).  Plaintiff **SHALL FILE** her
2  amended complaint <u>on or before December 3, 2020</u>.  *Should Plaintiff fail timely to file an*
3  *amended complaint, this action will be dismissed without prejudice.*
4      **IT IS SO ORDERED.**

6  Dated:  October 13, 2020

                                                                   Honorable Todd W. Robinson
                                                                   United States District Court